**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| BRANDI MEYERHOFF, DAVE EARLEY and CHRISTOPHER VIGIL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE TENDIT GROUP, LLC and OSCEOLA CAPITAL MANAGEMENT LLC,<br><br>Defendants. | Civ. Action No. 26-cv-01843-CNS |

**AMENDED CLASS ACTION COMPLAINT**
**FOR VIOLATION OF WARN ACT 29 U.S.C. § 2101, *et seq.***

Plaintiffs Brandi Meyerhoff, Dave Earley, and Christopher Vigil ("Plaintiffs") allege on behalf of themselves and a putative class of similarly situated former employees by way of this Class Action Complaint against The Tendit Group, LLC ("Tendit") and Osceola Capital Management LLC ("Osceola", and cumulatively with Tendit, the "Defendants") as follows:

## NATURE OF THE ACTION

1. Plaintiffs were terminated along with an estimated 150 other similarly situated employees as part of, or as the foreseeable result of a mass layoff or plant closing ordered by Defendants beginning on or about April 29, 2026 and within 30 days of that date.

2. Defendants failed to give Plaintiffs and those similarly situated employees 60 days' advance notice of their terminations, as required the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq*. (the "WARN Act").

3. Plaintiffs seek to enforce the WARN Act's statutory remedy of 60 days' back pay and benefits for herself and those similarly situated, pursuant to 29 U.S.C. § 2104, for the

Defendants' failure to provide WARN notice prior to their terminations.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 2104(a)(5).

5. Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

***Plaintiffs***

6. Plaintiffs are residents of the state of Colorado.

7. At all relevant times, Plaintiff Brandi Meyerhoff, who was hired in July 2003, worked at Defendants' facility located at 2525 W. 64th Ave., Denver, Colorado 80221 (the "Denver Facility") as a general manager until her termination on or about April 29, 2026.

8. At all relevant times, all relevant times, Plaintiff Christopher Vigil was an employee who was employed by Defendant from May 2013 at the Denver facility until his termination on or about April 29, 2026.

9. At all relevant times, Plaintiff Dave Earley was an employee who was employed by Defendant from March 1990 until his termination on or around April 2, 2026, and worked at or reported to its landscaping field office at 6849 S Dawson Circle, Centennial, Colorado 80112 (the "Centennial Facility," cumulatively with the Denver Facility, the "Facilities").

10. On or about April 13, 2026, Plaintiffs received a letter from Defendants that stated, in relevant part,

> Despite substantial efforts on the part of management and ownership, The Tendit Group, LLC, is unable to turn a profit. As a result, The Tendit Group, LLC, will be permanently closing its facilities and laying off all remaining employees in Colorado and Arizona. The Tendit Group, LLC will begin

> separating employees from their employment on April 30, 2026, and anticipates that you will be permanently laid off between April 15 and April 30, 2026.

11. At no time prior to April 13, 2026, did Plaintiffs receive written notice that their employment would be terminated.

12. Plaintiffs were terminated without cause on or about April 29, 2026, without any written notice that their employment would be terminated on that date. To the contrary, they were informed that "The Tendit Group, LLC will begin separating employees from their employment on April 30, 2026."

13. On April 29, 2026, Plaintiffs were informed for the first time that their health insurance coverage would terminate the next day, April 30, 2026.

14. On or about April 2, 2026, Defendants terminated approximately 60 employees from its Centennial Facility landscaping department without any written notice. They arrived at work to find the doors locked.

15. On information and belief, along with Plaintiffs, Defendants terminated approximately 100 employees within 30 days of April 29, 2026.

16. On information and belief, none of the other similarly situated former employees received 60 days' advance written notice of their terminations.

***Defendants***

17. Upon information and belief, at all relevant times, Defendants operate a business that provides commercial facility landscaping and other maintenance services in the United States. Upon information and belief, the Defendant, The Tendit Group LLC, is a Colorado registered limited liability corporation with its principal place of business located at the Denver Facility.

18. The Defendant, Osceola Capital Management LLC ("Osceola"), is a private equity investment firm that owns and operates a portfolio of companies including Tendit.

19. Upon information and belief, Osceola is a parent company of Tendit.

20. Upon information and belief, Osceola maintains headquarters at 4030 W. Boy Scout Blvd, Suite 915, Tampa Florida.

21. Upon information and belief, Defendants employed more than 100 full-time employees who worked at, or who were remote employees that reported to or received assignments from the Facilities until about April 29, 2026 and within 30 days of that date.

22. On or about April 29, 2026, and within 30 days of that date, Defendants terminated its employees, including Plaintiffs and others similarly situated who worked at the Facilities, or who worked remotely and reported to the Facilities.

23. Upon information and belief, on or about April 29, 2026, and within 30 days of that date, approximately 150 affected employees of the Facility who were entitled to WARN notice (including Plaintiffs) suffered job losses as a result of the mass layoff and/or closing of the Facilities without adequate notice.

## SINGLE EMPLOYER ALLEGATIONS

24. Upon information and belief, Ben Moe and Patrick Watkins were the Managing Partner, and a Partner, respectively, of Osceola.

25. Upon information and belief, Moe was a Managing Partner of Tendit as well.

26. Upon information and belief, Watkins was a Manager of Tendit as well.

27. Upon information and belief, Ben Moe and Patrick Watkins attended board meetings quarterly at the Denver Facility until 2024.

28. Upon information and belief, after a shake-up in corporate management in April-May 2025, in which only the Chief Operating Officer remained, Osceola's principals effectively served the function of Chief Executive Officer for Tendit.

29. After the departure of its Chief Executive Officer in the spring of 2025, Ben Moe and Patrick Watkins came to the Denver Facility and convened a meeting of Tendit's General Managers at which they addressed the future and provided reassurances.

30. On information and belief, when problems arose Patrick Watkins would on occasion intercede and deal with third parties on behalf of Tendit.

31. On information and belief, in the year leading up to the April layoff, Osceola retained and paid three consultants who took direction from Osceola and managed day-to-day operations at Tendit. The consultants were Julia Gluck, Phil Thalheim, and Matthew Colavecchio.

32. On March 5, 2026, during a company call, Patrick Watkins stated that Tendit should "just reduce employees' hours so they would quit" to avoid triggering the WARN Act. During the same call, Watkins also discussed attempting to provide employees with a "soft landing."

33. On March 17, 2026, during a company call, consultant Phil Thalheim confirmed that Patrick Watkins had approved the terminations for the landscaping employees at the Centennial Facility.

34. On March 31, 2026, prior to the furlough and termination notices being issued to employees at the Centennial Facility on April 2, 2026, Patrick Watkins stated during a meeting that Tendit was "closing" and beginning the "wind-down process."

35. On information and belief, Patrick Watkins ordered the sending of the email of April 13, 2026 telling employees that separations would begin on April 30, but incompatibly that employees should "anticipate" being laid off prior to that date, denying them any suitable notice of their termination, no less 60 days' written notice in advance, as required by the WARN Act.

## REPRESENTATIVE AND CLASS ALLEGATIONS

36. Plaintiffs bring this representative action for relief for violation of 29 U.S.C. § 2101

*et seq*., suing for themselves and all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5). The similarly situated employees are employees who either worked at, or were remote employees who reported to or received assignments from the Facilities; who were terminated on or about April 29, 2026 and within 30 days of that date, or as the reasonably foreseeable consequence of the mass layoff and/or plant closing ordered by Defendants on or about April 29, 2026; and who are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

37. Plaintiffs seek to bring forward these claims utilizing the Federal Rules of Civil Procedure, Rule 23(a) and (b)(3), to seek certification of an opt-out class (the "WARN Class").

38. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, it is estimated to be about 150 individuals. On information and belief, the number and identity of the WARN Class Member are within the sole control of Defendants.

39. On information and belief, the rate of pay and benefits that were being paid to each WARN Class Member at the time of his/her termination is contained in the books and records of Defendants.

40. Common questions of law and facts exist as to members of the WARN Class, including, but not limited to, the following:

(a) whether the members of the WARN Class were employees of Defendants who worked at, received assignments from, or reported to the Facility;

(b) whether Defendants unlawfully terminated the employment of the members of the WARN Class without cause and without 60 days' advance written notice in violation of the WARN Act; and

(c) whether Defendants unlawfully failed to pay the WARN Class members 60 days' wages and benefits as required by the WARN Act.

41. Plaintiffs' claims are typical of those of the WARN Class. Plaintiffs, like other WARN Class members, worked at, reported to, or received assignments from the Facility, and were terminated without cause on or about April 29, 2026 and within 30 days of that date, due to the mass layoffs and/or plant closings ordered by Defendants.

42. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until deciding to order a mass layoff or plant closing of the Facility.

43. Plaintiffs will fairly and adequately protect the interests of the WARN Class. Plaintiffs have retained counsel competent and experienced in complex class actions, including the WARN Act and other statutory employment claims.

44. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and facts common to the WARN Class predominate over questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. This is particularly so in the context of WARN Act litigation, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and the damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

45. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

46. Plaintiffs intend to send notice to all members of the WARN Class to the extent required by Rule 23.

**<u>CLAIM FOR RELIEF</u>**
**Violation of the WARN Act, 29 U.S.C. § 2101 *et seq*.**

47. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

48. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

49. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639.3(a) and continued to operate as a business until it decided to order a mass layoff or plant closing of the Facility.

50. At all relevant times, Plaintiffs and the WARN Class Members were "affected employees" of Defendants as that term is defined by 29 U.S.C. § 2101(a)(5).

51. On or about April 29, 2026, and within 30 days of that date, Defendants carried out a mass layoff or plant closing at the Facility, thereby constituting an "employment loss" requiring WARN notice.

52. The Defendants' actions resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees who worked at, or who worked remotely and reported to, the Facility.

53. Plaintiffs and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closings ordered by Defendants of the Facility.

54. Defendants were required by the WARN Act to give Plaintiffs and the Class

Members at least 60 days' advance written notice of their terminations.

55. Defendants failed to give Plaintiffs and the Class Members written notice that complied with the requirements of the WARN Act.

56. Plaintiffs and each of the Class Members are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104(a)(7).

57. Defendants failed to pay Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued paid time off for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendants:

A. Certification of this action as a class action;

B. Designation of Plaintiffs as Class Representatives;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of Plaintiffs and each of the affected employees equal to the sum of: their unpaid wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for up to 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A);

E. Reasonable attorneys' fees and the costs and disbursements that Plaintiffs will incur

in prosecuting this action, as authorized by the federal WARN Act, 29 U.S.C. § 2104(a)(6);

F. Interest as allowed by law on the amounts owed under the preceding paragraphs; and

G. Such other and further relief as this Court may deem just and proper.

Dated: May 25, 2026

Respectfully submitted,

By: /s/ *Jack A. Raisner*
Jack A. Raisner
René S. Roupinian
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: jar@raisnerroupinian.com
Email: rsr@raisnerroupinian.com

THE GARDNER FIRM, PC
Mary E. Olsen (OLSEM4818)
molsen@thegardnerfirm.com
M. Vance McCrary (MCCRM4402)
vmccrary@thegardnerfirm.com
182 St. Francis Street, Suite 103
Mobile, Alabama 36602
(251) 433-8100

LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
100 Church Street, 8th FL
New York, NY 10007
P: (212) 581-5005

*Attorneys for Plaintiffs and the putative class*